UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DANIEL ZAMBRANO AND CAROLYN ZAMBRANO, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; THE COOPER CASTLE LAW FIRM, LLP, a Nevada Limited Liability Company; AARON M. WAITE, an individual; and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Defendants, | MEMORANDUM DECISION AND ORDER FOR SUPPLEMENTAL BRIEFING<br><br><br>Civil No. 2:13-CV-972 TS<br><br>Judge Ted Stewart |

The above-captioned matter was originally filed in state court. A Notice of Removal to this Court was filed with consent of all Defendants on October 23, 2013. In the Notice of Removal, Defendants allege "each of the properly-named Defendants are each completely diverse and the amount in controversy exceeds $75,000.00."[1]

Diversity of citizenship requires that no plaintiff be a citizen of the same state as any defendant.[2] The Supreme Court has said that the citizenship of a limited partnership, for

---

[1] Docket No. 2, at 3.

[2] *See Salt Lake Tribune Publ'g Co. LLC v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003).

diversity purposes, is determined by "the citizenship of all the members, the several persons composing such association, each of its members."[3]

The Complaint alleges that the Zambranos reside in Utah, while Defendant Cooper Castle Law Firm, LLP ("Cooper Castle") is a "Nevada limited liability partnership that does business within Summit County, State of Utah."[4] The record does not name all Cooper Castle partners.

Additionally, the Complaint alleges that Aaron M. Waite ("Waite") is an "attorney licensed to practice in the State of Utah"[5] but does not indicate Waite's citizenship for diversity purposes.

Finally, in the Notice of Removal, Defendants allege that Waite was fraudulently joined to destroy diversity and that Waite is not a real and substantial party for purposes of determining diversity jurisdiction.[6]

The record is inadequate to resolve the diversity and joinder questions presented here. After review of the record, the Court requests further briefing on (1) whether this Court has jurisdiction to hear this case and (2) whether Waite and Cooper Castle are real and substantial parties to this litigation.

---

[3] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (internal quotation marks and citations omitted).

[4] Docket No. 2-1, at 2.

[5] Docket No. 2, at 2.

[6] *Id.* at 4.

The parties shall submit simultaneous briefs, limited to ten (10) pages of argument, by January 30, 2014.  The hearing set for January 27, 2014, is STRICKEN.  The Court will re-set the hearing after review of the parties' supplemental briefs.

SO ORDERED.

DATED January 16, 2014.

BY THE COURT:

_____
Honorable Ted Stewart
United States District Court Judge