IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL ZAMBRANO and CAROLYN ZAMBRANO, husband and wife,<br><br>                Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; COOPER CASTLE LAW FIRM, LLP, a Nevada limited liability partnership; AARON M. WAITE, an individual; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br><br>Case No. 2:13-CV-972 TS<br><br>District Judge Ted Stewart |

The matter before the Court is Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss for Failure to State a Claim.[1]  A hearing on this Motion is set for March 6, 2014.  Before reaching the merits of the Motion to Dismiss, the Court ordered supplemental briefing on the issue of jurisdiction.  Based on that briefing, the Court finds that diversity jurisdiction is not met and this case is not properly in federal court.  The Court will therefore remand this case to the Third Judicial District Court of Summit County.

I.  BACKGROUND

This case arises from the foreclosure of Plaintiffs Daniel and Carolyn Zambrano's (collectively, "the Zambranos") former property on Kingsford Avenue in Park City, Utah.  The

---

[1] Docket No. 5.

Zambranos assert causes of action against Defendants Nationstar Mortgage, LLC ("Nationstar"), Fannie Mae, Cooper Castle Law Firm ("Cooper Castle"), and Aaron Waite ("Waite").

On October 25, 2005, the Zambranos entered into a promissory note with Signature Funding, Inc. ("Signature"), which recorded a deed of trust against the Zambranos' residence.[2] Under the deed of trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and nominee of Signature and its successors and assigns.[3] The deed of trust requires that all notices related to the property be in writing and sent to the Zambranos' residence on Kingsford Avenue.[4]

The Zambranos began having difficulty making their monthly payments in late 2011 and applied for the Federal Home Affordable Modification Program around August 2012.[5] On September 21, 2012, MERS assigned the deed of trust to Nationstar.[6] Nationstar became the servicer for Fannie Mae.[7] Waite was appointed as the substitute trustee for the deed of trust on the mortgage.[8] Waite recorded a Notice of Default against the Zambranos' residence on January 25, 2013, but did not set a date for the foreclosure sale.[9] On May 17, 2013, Waite and Cooper Castle posted a Notice of Trustee's Sale on the Zambranos' residence, and set a sale date of June

---

[2] Docket No. 2-1, at 3.
[3] *Id.*
[4] *Id.* at 3–4.
[5] *Id.* at 4.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 5.

26, 2013.[10]  However, on June 21, 2013, Nationstar wrote the Zambranos and confirmed that Nationstar had received all necessary documentation for a loan modification.[11]  The same letter noted, "Nationstar will now review your information to verify that you are eligible for this program.  This review process will take between 20–60 days."[12]  Nationstar further represented that "during this evaluation period, your home will not be referred to foreclosure or sold at a foreclosure sale if the foreclosure process has already been initiated."[13]  The Zambranos allege that despite these representations, on August 7, 2013, and without written notice from Nationstar, Waite and Cooper Castle foreclosed on the Zambranos' residence.[14]

The Zambranos filed this lawsuit in state court asserting six causes of action.  A Notice of Removal to this Court was filed on October 23, 2013.  In the Notice of Removal, Defendants allege that Waite was fraudulently joined in the suit in order to destroy diversity jurisdiction in federal court and that Waite is not a real and substantial party for purposes of determining diversity jurisdiction.[15]  Defendants allege that "each of the properly-named Defendants are completely diverse and the amount in controversy exceeds $75,000.00."[16]  Fannie Mae then filed a Motion to Dismiss on October 30, 2013.[17]  Before resolving the Motion to Dismiss, this Court

---

[10] *Id.*

[11] *Id.* at 124.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 7.

[15] Docket No. 2, at 2.

[16] *Id.* at 3.

[17] Docket No. 5.

sought supplemental briefing on the issue of whether this Court properly has subject matter jurisdiction over this action.

## II.  DISCUSSION

Plaintiffs argue that this Court does not have jurisdiction to adjudicate this matter because complete diversity does not exist in this case.  It is undisputed that the Zambranos and Defendant Waite are residents of the State of Utah.  Defendants argue that Waite, a non-diverse Defendant, was fraudulently joined because he is a nominal party against whom no viable causes of action are stated.

To establish fraudulent joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[18]  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[19]

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."[20] A court "must make its [fraudulent joinder] determination by looking at the allegations contained in the complaint as it existed at the time of removal."[21]  If fraudulent joinder is established, "a federal court must disregard nominal or formal parties and rest

---

[18] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[19] *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[20] *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[21] *Jackson v. Philip Morris, Inc.*, 46 F. Supp. 2d 1217, 1221 (D. Utah 1998) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

jurisdiction only upon the citizenship of real parties to the controversy."[22] "[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable."[23] A "claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."[24]

Neither party has alleged actual fraud in pleading jurisdictional facts. Whether Waite was fraudulently joined, therefore, depends on whether Plaintiffs can establish a possibly viable claim against Waite. In order to resolve the jurisdictional issue, the Court must engage briefly in an analysis of the merits.

Plaintiffs assert all six causes of action against Waite. The causes of action are: breach of contract, promissory estoppel, violations of Utah Code Ann. § 57-1-24.3, negligent misrepresentation, negligence, and breach of the trustee's duty of good faith and reasonable diligence.[25] However, the sixth cause of action, breach of the trustee's duty of good faith and reasonable diligence, is asserted only against Waite.

Utah law recognizes that trustees have a duty of good faith and reasonable diligence.[26] A trustee's primary duty is to the beneficiary. However, "the trustee's duty to the beneficiary does not imply that the trustee may ignore the trustor's rights and interests."[27]

---

[22] *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998) (citation omitted).

[23] *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir. 2000) (unpublished table decision).

[24] *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)).

[25] Docket No. 2-1.

[26] *Blodgett v. Martsch*, 590 P.2d 298, 303 (Utah 1978).

[27] *Russell v. Lundberg*, 81 P.3d 105, 108 (Utah Ct. App. 2003).

In their Complaint, Plaintiffs allege that Waite breached his duty by:

    a. Issuing a notice of Trustee's sale before Nationstar had issued a decision on the Zambranos' loan modification applications;
    b. Failing to provide timely and appropriate communication to the Zambranos regarding the foreclosure of the Zambrano Residence;
    c. Failing to confirm with Nationstar that the foreclosure should proceed before conducting the trustee's sale;
    d. Failing to stop all foreclosure activities after the issuance of [Nationstar's June 21, 2013] Letter;
    e. Foreclosing on the Zambrano Residence without notice to the Zambranos of the trustee's sale;
    f. Foreclosing on the Zambrano Residence before Nationstar had issued notice regarding its decision on the foreclosure relief for which the Zambranos had applied;
    g. Conducting the trustee's sale while the Zambranos were out of town;
    h. Failing to notify the Zambranos of the trustee's sale after the sale occurred; and
    i. Other breaches that discovery may reveal.[28]

In supplemental briefing neither party mentioned the Tenth Circuit case of *Dutcher v. Matheson*. In *Dutcher*, borrowers brought a class action lawsuit in state court against, among others, a Utah-based attorney and the attorney's law firm, alleging that defendants conducted improper nonjudicial foreclosures.[29] The action was removed to federal court.[30] This Court found that the attorney and the attorney's law firm were fraudulently joined. Therefore it determined that jurisdiction was proper and it proceeded to rule on the merits.[31] The Tenth Circuit reversed and remanded the case.[32]

---

[28] Docket No. 2-1, at 16–17.

[29] 733 F.3d at 983.

[30] *Id.* at 984.

[31] *Id.* at 984, 987–88.

[32] *Id.* at 983.

The district court in *Dutcher*, relying on *Oxendine v. Overturf*,[33] held that "an attorney cannot be held liable to a non-client absent fraud, collusion or privity of contract."[34] The Tenth Circuit in *Dutcher* took issue with the district court's reliance on *Oxendine*, clarifying that the "Utah Supreme Court has not created a blanket rule of immunity for lawyers acting as agents for their clients in the absence of fraud, collusion, or privity of contract."[35] The Tenth Circuit held that "*Oxendine* does not support the defendants' broad proposition regarding the immunity of counsel when acting as agents for their clients."[36] The *Dutcher* court went on to give the example of a client who hired an attorney to commit a murder in order to illustrate that the attorney would not be immune from liability because he was simply executing his principal's wishes in his capacity as an attorney/agent.[37] Because the plaintiff had a possibly viable claim against the attorney and his law firm, the defendants did not "clear a high hurdle" to prove fraudulent joinder, and therefore the Tenth Circuit reversed and remanded.[38]

In this case, Plaintiffs allege that the attorney, Waite, breached the trustee's duty of good faith and reasonable diligence. Defendants argue that Plaintiffs cannot prevail on this cause of action in light of *Burnett v. Mortgage Electronic Registration System*.[39] In *Burnett*, the district court held that the foreclosure trustee was not required to postpone a foreclosure sale and

---

[33] 973 P.2d 417 (Utah 1999).

[34] *Dutcher v. Matheson*, 2012 WL 423379, at *3 (D. Utah Feb. 8, 2012).

[35] *Dutcher*, 733 F.3d at 988.

[36] *Id.* at 989.

[37] *Id.*

[38] *Id.*

[39] 2009 WL 3582294 (D. Utah Oct. 27, 2009).

investigate the servicer's authority to conduct a foreclosure.[40]  However, *Burnett* is not dispositive because, in doing so, the court relied on clear language from the deed of trust.[41]  Here the deed of trust obligated Nationstar, and perhaps its agents, to provide all notices "in connection with this Security Instrument" to the Zambranos in writing and mail those written notices to the Zambrano residence.[42]  Further, the Zambranos do not allege that Waite had a duty to investigate Nationstar's authority.  The Zambranos allege that Waite, as an agent, breached his duty by failing to communicate with the Zambranos and possibly with Nationstar while continuing a foreclosure sale that should not have occurred.

*Burnett* recognized that a trustee's primary obligation is to assure payment of the debt secured by the deed of trust.[43]  While a non-judicial foreclosure trustee does not owe a fiduciary duty to the trustor, "a trustee does have a duty 'to act with reasonable diligence and good faith on [the trustor's] behalf consistent with [the trustee's] primary obligation to assure payment of the secured debt.'"[44]  Plaintiffs state a possibly viable claim that Waite breached that duty.

Defendants have a high hurdle to clear in order to prove fraudulent joinder—a hurdle they have not surpassed.  Based on the above, the Court finds that Defendants have not prevailed on their burden to prove fraudulent joinder.  Because the Court is left with non-diverse parties, diversity jurisdiction has not been established.  Therefore the Court will order that this case be remanded to state court.

---

[40] *Id.* at *5.

[41] *Id.*

[42] Docket No. 2-1 Ex. B, at 10.

[43] *Burnett*, 2009 WL 3582294, at *5.

[44] *Id.* (alterations in original) (quoting *Five F, L.L.C. v. Heritage Sav. Bank*, 81 P.3d 105, 107 (Utah Ct. App. 2003)).

## III.  CONCLUSION

The Clerk of the Court is directed to remand this case to the Third Judicial District Court of Summit County, State of Utah.  The Clerk of the Court is directed to close this case forthwith. The hearing set in this case for March 6, 2014, is STRICKEN.

DATED this 25th day of February, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge